J-S17020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARNELL STEPHENS, | |
| Appellant | No. 717 WDA 2014 |

Appeal from the PCRA Order Entered April 23, 2014,
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009749-2005, CP-02-CR-0009825-2005, CP-02-CR-0009962-2005, CP-02-CR-0010464-2005

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED APRIL 10, 2015**

Appellant, Darnell Stephens, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On direct appeal, a panel of this Court provided the following summary of this case:

> Between March 8, 2005 and May 20, 2005, Appellant and two co-defendants committed several armed robberies of various retail establishments in West Mifflin, McKeesport, Braddock, and Forest Hills, Pennsylvania.  Shortly after the May 20[th] robbery, Tammy Kandar, Appellant's girlfriend, contacted Captain Bryan Washowich of the McKeesport Police Department and revealed her suspicions of Appellant's involvement in the robberies.  During this timeframe, the police also arrested one of Appellant's

---

[*]  Former Justice specially assigned to the Superior Court.

co-defendants in connection with the robberies and learned of Appellant's involvement. As a result of the information provided to him by Tammy Kandar, Captain Washowich procured a search warrant for Appellant's residence. The search yielded several items that implicated Appellant, including masks, gloves, a black leather jacket, a roll of duct tape, a safe containing $1,000 in U.S. currency, a banking deposit ledger showing a $3,000 deposit, a police scanner, numerous Budget rental car receipts, and a .40 caliber semiautomatic pistol.

Appellant was subsequently arrested on May 31, 2005 and provided Captain Washowich with a written statement detailing his involvement in the robberies of three McKeesport businesses— Family Dollar, Foodland, and Coney Island Dog. Later that evening, Appellant also spoke to Detective David McCue of the West Mifflin Police Department and confessed in writing to his involvement in the robberies of two Dollar General stores in that borough. Additionally, Appellant also admitted in writing to Allegheny County Police Detective William Newman that he participated in the armed robberies of the Family Dollar in Braddock Hills and the Domino's Pizza in Forest Hills.

On August 17, 2005, Appellant was charged with 15 counts of robbery and 7 counts of criminal conspiracy. On October 5, 2005, the Commonwealth filed a motion for joinder, and the trial court granted said motion on October 27, 2005. Following numerous postponements, trial was scheduled to begin on October 16, 2006. Prior to the commencement of trial, the trial court conducted a hearing on Appellant's motion to suppress the statements he made to police. Following the hearing, the trial court denied Appellant's suppression motion, and a jury trial immediately followed. Thereafter, on October 18, 2006, Appellant was found guilty of all counts and sentencing was scheduled for December 18, 2006. On November 14, 2006, Appellant filed a *pro se* "Motion for New Trial and In Arrest of Judgment". Appellant also made references to this motion on the record during the sentencing hearing. At all relevant times during this matter Appellant was represented by counsel from the Allegheny County Office of the Public Defender. The trial court declined to rule on Appellant's *pro se* motion, and Appellant was subsequently sentenced to 30 to 60 years' imprisonment on December 18, 2006. Appellant, through counsel, filed a timely notice of appeal on January 17, 2007.

***Commonwealth v. Stephens***, 168 WDA 2007, 959 A.2d 974 (Pa. Super. filed June 30, 2008) (unpublished memorandum at 1-3) (internal citations and footnote omitted). This Court affirmed Appellant's judgment of sentence on June 30, 2008. ***Id.***

On August 4, 2008, Appellant filed a *pro se* PCRA petition. Counsel was appointed. On September 20, 2013, following many defense requests for extensions of time, appointed counsel filed an amended petition asserting that prior counsel was ineffective for failing to challenge the sentence imposed. On April 7, 2014, the PCRA court issued a notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant filed a counseled response. The PCRA court dismissed Appellant's petition on April 23, 2014, as lacking merit. Appellant filed a timely notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issue, which we set forth *verbatim*, for our review:

> Whether the sentencing court abused its discretion by imposing an excessive and unreasonable sentence of thirty to sixty years' incarceration, where the court exclusively focused upon the seriousness of the offense and protection of the public and failed to consider rehabilitative needs, in violation of the sentencing code. And whether the court violated fundamental sentencing norms by failing to consider relevant mitigating circumstances or to impose an individualized sentence. And whether prior counsel were ineffective in failing to recognize, assert and preserve this sentencing challenge.

Appellant's Brief at 5 (full capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

Although Appellant purports to present this Court with a single issue for review, a careful reading of this statement belies this assertion. We discern two separate claims in this single statement and will address each individually.

Appellant first argues that the sentencing court erred in imposing an "unnecessarily harsh, excessive and unreasonable sentence of 30 to 60 years" of incarceration. Appellant's Brief at 21. Appellant maintains that, in imposing this sentence, the trial court "erred in focusing exclusively on the seriousness of the offense and the retributive aspect of punishment, to the exclusion of rehabilitative needs and mitigating circumstances." Appellant's Brief at 19.

This issue implicates the discretionary aspect of Appellant's sentence. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted) ("If a sentencing court considers improper factors in

- 4 -

imposing sentence upon a defendant, although the sentence thereby imposed is not rendered illegal, the court has committed an abuse of discretion."). This question, however, does not raise a cognizable challenge under the PCRA, which provides only for challenges to sentences that have been imposed in excess of the lawful maximum. 42 Pa.C.S. § 9543(a)(2)(vii); *see also Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007) (citation omitted) ("Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings."). Here, Appellant's sentence was within the lawful maximum,[1] which Appellant does not dispute. Accordingly, this claim fails.[2]

We next address Appellant's contention that previous counsel was ineffective for failing to challenge the discretionary aspects of his sentence. We first note that, while we have determined that a claim challenging the discretionary aspect of a sentence is not cognizable under the PCRA, *Wrecks*, 934 A.2d at 1289, we have held that a claim regarding the

---

[1] 18 Pa.C.S. § 1103(1) (a person who has been convicted of a felony of the first degree may be sentenced to imprisonment for a term which shall be fixed by the court at not more than 20 years.).

[2] We further note that counsel did not object to this sentence either at sentencing or in post-sentence motions. Thus, this claim is also waived. *Commonwealth v. Anderson*, 830 A.2d 1013, 1016 (Pa. Super. 2003) (citing *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003)) ("[O]bjections to the discretionary aspects of sentence are waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed at that hearing.").

discretionary aspects of a sentence raised in the context of an ineffectiveness claim is cognizable under the PCRA. **Commonwealth v. Watson**, 835 A.2d 786, 801 (Pa. Super. 2003).

As outlined previously, Appellant argues that his aggregate sentence of imprisonment of thirty to sixty years was manifestly excessive and unreasonable because the sentencing court erred in focusing exclusively on the seriousness of the offense and the retributive aspect of punishment, to the exclusion of his rehabilitative needs and mitigating circumstances. Appellant's Brief at 19. Appellant maintains that counsel was ineffective for failing to challenge the sentence and for failing to file appropriate post-sentencing motions or otherwise pursuing and preserving the challenges on appeal. **Id.** at 22.

When considering an allegation of ineffective assistance of counsel ("IAC"), counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. **Commonwealth v. Pierce**, 527 A.2d 973, 975-976 (Pa. 1987). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" **Commonwealth v. Reed**, 42 A.3d 314, 319 (Pa. Super. 2012).

A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007). Counsel cannot be found ineffective for failing to raise a meritless claim. *Commonwealth v. Messmer*, 863 A.2d 567, 572 (Pa. Super. 2004).

Following trial, which included charges from four criminal informations, Appellant was convicted of fifteen counts of robbery and seven counts of criminal conspiracy. Appellant was sentenced as follows:

CC No. 200509825: a term of ten to twenty years of imprisonment at Count 1 (robbery), and a concurrent ten to twenty year term at Count 5 (robbery); there were no further penalties imposed at Counts 2 (robbery), 3 (robbery), 4 (criminal conspiracy), 6 (robbery) and 7 (criminal conspiracy).

CC No. 200509749: a term of ten to twenty years of imprisonment at Count 1 (robbery), to be served consecutively to the sentence imposed at No. CC 200509825; there were no further penalties at Counts 2 (robbery) and 5 (criminal conspiracy). Counts 3 and 4 were withdrawn.

CC No. 200510464: a term of ten to twenty years of imprisonment at Count 1 (robbery), to be served consecutively to the sentence imposed at No. CC 200509749; there were no further penalties imposed at Counts 2 (robbery) and 3 (criminal conspiracy).

CC No. 200509962: a term of ten to twenty years of imprisonment at Count 1 (robbery), to be served concurrently to the sentence imposed at No. CC 200509825; a term of ten to twenty years of imprisonment at Count 4 (robbery), to be served concurrently to the sentence imposed at No. CC 200509749; and a term of ten to twenty years of imprisonment at Count 8 (robbery), to be served concurrently to the sentence imposed at No. CC 200510464; there were no further penalties imposed at

>     Counts 2 (robbery), 3 (criminal conspiracy), 5 (robbery), 6
>     (robbery), 7 (criminal conspiracy) and 9 (criminal conspiracy).

N.T., 12/18/06, at 7-10; Criminal Information No. 200509825, 8/30/05; Criminal Information No. 200509749, 8/17/05; Criminal Information No. 200510464, 9/2/05; Criminal Information No. 20059962, 9/1/15.. Thus, the cumulative sentence to be served was thirty to sixty years. N.T., 12/18/06, at 10.

The robbery convictions were graded as first degree felonies. An individual convicted of a felony of the first degree may be sentenced to a term of imprisonment of not more than twenty years. 18 Pa.C.S. § 1103(1). We note that Appellant had a penalty imposed for only seven of the robbery convictions. At the robbery convictions for which the trial court imposed a penalty, each sentence was for ten to twenty years of imprisonment. Only three of these first degree felony sentences were to be served consecutively. The remaining sentences for the robberies were to be served concurrently. N.T., 12/18/06, at 7-10.

In sentencing Appellant, the trial court noted that it had received and reviewed a pre-sentence report. N.T., 12/18/06, at 3, 7. Additionally, the trial court had documentation reflecting that Appellant was a repeat felony offender and had an offense gravity score of ten. *Id.* at 3. The trial court provided the following explanation in support of its sentencing order at the sentencing hearing:

I don't think any less of a sentence would have been appropriate given the totality of the circumstances and they could have easily all been consecutive.

This behavior is just not acceptable. I think that the best thing for society is to have you be in for this length of time and based on the ten year mandatory that goes with your prior record and these crimes I think that is appropriate.

N.T., 12/18/06, at 10. Additionally, the PCRA court provided the following explanation in its Pa.R.A.P. 1925(a) opinion:

At the time of the sentencing, [Appellant] was a RFEL, a repeat felony offender. He had an extensive and violent criminal record consisting of robbery and firearm charges. [The trial court] clearly did not abuse its discretion in sentencing [Appellant] in the manner that it did.

PCRA Court Opinion, 8/19/14, at 3.

Based on this record, we conclude that the sentencing court was aware of and gave due consideration to any mitigating factors and rehabilitative needs and did not abuse its discretion in formulating its sentence of confinement. Moreover, the sentencing court received and reviewed a pre-sentence report. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing *Commonwealth v. Devers*, 546 A.2d 12, 18–19 (Pa. 1988)).

Accordingly, the sentence was neither manifestly excessive nor too severe a punishment under the circumstances of this case, and no abuse of

discretion attended its imposition. Thus, counsel was not ineffective for failing to raise the meritless discretionary challenges alleged herein. ***See Messmer***, 863 A.2d at 572 (holding that counsel cannot be found ineffective for failing to raise a meritless claim). As a result, the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015